**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 1 4 2017

JAMES W. McCORMACK, CLERK
By:_____ CLERK

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**GREENWAY EQUIPMENT, INC.**

PLAINTIFF

v.                           CASE NO. 4:17cv 457- SWW

This case assigned to District Judge _Wright_
and to Magistrate Judge _Harris_

**IYAD ALAMLEH, d/b/a**
**GREENWAY NOVELTY and**
**ENGLAND CONOCO, INC.**

**DEFENDANTS**

## COMPLAINT

Plaintiff Greenway Equipment, Inc. ("Greenway"), for its Complaint, states:

### INTRODUCTION

1.      This is an action in law and equity for trademark infringement, trademark dilution, and unfair competition under the Lanham Act, 15 U.S.C. § 1051 *et seq*., for violation of the Arkansas Anti-Dilution Statute, ARK. CODE ANN. § 4-71-213, and for trademark infringement, unfair competition, trade libel and product disparagement at common law.

### PARTIES

2.      Greenway is an Arkansas Corporation, with its principal place of business in Poinsett County, Arkansas

3.      Upon information and belief, Iyad Alamleh is a citizen of the State of Tennessee. Mr. Alamleh does business as Greenway Novelty.

4.      England Conoco, Inc. ("England Conoco") is an Arkansas Corporation with its principal place of business in Lonoke County, Arkansas.

1

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.  The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. § 1367(a).

6.      This Court has personal jurisdiction over Alamleh pursuant to Arkansas Code § 16-4-101, by virtue of the fact that, upon information and belief, the he: (1) regularly solicits and does business in this state; and (2) has committed a tortious act within the state by committing acts of infringement and unfair competition in this state, as alleged below.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

8.      Greenway is the owner of United States Trademark Registration No. 4,758,367 and No. 4,702,426.  A copy of the registrations is attached as Exhibit A.

9.      The above registrations are valid and subsisting and remain in full force and effect as evidence of the validity thereof and Greenway's exclusive right to own and use the mark in connection with the services specified in the registration.

10.     The names "Greenway" and "Greenway Equipment" and Greenway's distinctive trade dress (the "Greenway Logo"), a copy of which is attached hereto as Exhibit B, are symbolic of the extensive and valuable goodwill and customer recognition built up through substantial amounts of advertising, promotional expenditures, and other resources.  By virtue of these efforts and the excellence of its products and services, Greenway Equipment has gained for itself and the Greenway Logo a reputation of considerable value.

11.     Greenway has used and continues to use the Greenway Logo as a service mark to promote and advertise its goods and services.

2

12.     Greenway has never, either directly or through an agent, granted the Defendants permission to use the Greenway Logo.

13.     Defendant Alamleh has been using the distinctive Greenway Logo and the name "Greenway Novelty" to sell glass smoking pipes and other paraphernalia (the "Greenway Novelty Paraphernalia"). Defendant Conoco of England sells Greenway Novelty Paraphernalia in its store located in England, Arkansas. Based on information and belief, Defendant Alamleh sells Greenway Novelty Paraphernalia throughout Arkansas using the logo attached as Exhibit C, including at the store operated by Conoco of England.

14.     Defendants are selling the Greenway Novelty Paraphernalia using a logo indistinguishable from the Greenway Logo. See Exhibit C.

15.     Defendants' use of the Greenway Logo is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that the Defendants or its activities or products have been authorized by Greenway or are endorsed by Greenway or are sponsored by Greenway or are connected in some way with Greenway.

16.     Upon information and belief, Defendants' use of the Greenway Logo was deliberate and intentional and designed to create confusion and mistake and to deceive persons into the erroneous belief that Defendants are affiliated with, authorized by, endorsed by, or sponsored by Greenway.

17.     Defendants' use of the Greenway Logo constitutes false descriptions and representations to the effect that Defendants or its activities or products are affiliated with, authorized by, endorsed by, or sponsored by Greenway.

18.     Greenway is or is likely to be damaged by Defendants' use of said false descriptions and representations in that consumers are likely to retain Defendants' services or

3

buy products advertised using the "Greenway" name and Greenway Logo in the mistaken belief that Defendants or their services or products are affiliated with, authorized by, endorsed by, or sponsored by Greenway.

19.     Defendants' distorted use of the name "Greenway" and the Greenway Logo has caused and will continue to cause dilution by tarnishment of the distinctive and high quality of Greenway's famous trademark and trade dress and harm the reputation of Greenway's trademark and trade dress.

20.     Upon information and belief, Defendants' use of the name "Greenway" and the Greenway Logo was deliberate and intentional and designed to dilute and tarnish the distinctive and high quality of the famous Greenway Logo and harm the reputation Greenway and the Greenway Logo.

21.     Upon information and belief, Defendants' use of the name "Greenway" and the Greenway Logo was deliberate and intentional and designed to disparage Greenway's goods and services.

22.     Defendants' use of the name "Greenway" and the Greenway Logo is without Greenway's license, authorization or permission.

23.     The acts and conduct of the Defendants complained of herein have damaged Greenway and, unless restrained, will substantially impair value of Greenway's name and its trade dress, along with the goodwill represented thereby.  Greenway has no adequate remedy at law and would be irreparably harmed without injunctive relief.

4

## FIRST CLAIM FOR RELIEF

### Infringement of Federally Registered Trademarks
### (15 U.S.C. § 1114(1)(a))

24.     Plaintiff repeats and realleges each and every allegation of Paragraphs 1 through 23 as though fully set forth herein.

25.     This claim is for the infringement of the trademark registered in the United States Patent and Trademark Office, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a), as amended.

26.     Greenway owns the exclusive rights to its name and the Greenway Logo.

27.     Notwithstanding Greenway's well known and prior common law and statutory rights in the Greenway Logo, the Defendants have, with actual and constructive notice of Greenway's rights, and long after Greenway established its rights in Greenway Logo, used the Greenway Logo in an effort to sell, market and offer for sale their goods, including the Greenway Novelty Paraphernalia.

28.     Defendants have used the Greenway Logo without authorization from Greenway. Defendants' use of the Greenway Logo in Arkansas, and interstate commerce, has and will cause the likelihood of confusion, deception and mistake, in that the buying public will conclude that the Defendants' actions and services are authorized, sponsored, approved or associated with Greenway.

29.     Upon information and belief, by such wrongful acts, Defendants have and, unless restrained by the Court, will continue to cause serious irreparable injury and damage to Greenway and to the goodwill associated with the Greenway Logo.

30.     Greenway has no adequate remedy at law and would be irreparably harmed without injunctive relief.

## SECOND CLAIM FOR RELIEF

### Unfair Competition
### (15 U.S.C. § 1125(a))

31.     Plaintiff repeats and realleges each and every allegation of paragraphs 1 through 30 as though fully set forth herein.

32.     This claim is for unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33.     As a direct result of the Greenway's longstanding use, sales, advertising and marketing, its name and the Greenway Logo has acquired a secondary and distinctive meaning among the public who have come to identify Greenway and the Greenway Logo with Greenway and its products and services.

34.     Defendants have used the name "Greenway" and the Greenway Logo in an effort to delude and confuse the public into believing that the Greenway Novelty Paraphernalia offered by the Defendants were approved by, or had been authorized or/or sponsored by, or were connected with Greenway.

35.     The use of the name "Greenway" and the Greenway Logo in conjunction with the Defendants' actions and products has and will continue to further dilute the good will and tarnish the reputation of Greenway.

36.     The Defendants, by using the Greenway Logo in connection with their activities and promotion of the Greenway Novelty Paraphernalia, are misrepresenting and will continue to misrepresent and falsely describe to the general public the origin and sponsorship of their goods and services. The Defendants have used the name "Greenway" and the Greenway Logo in interstate commerce willfully, with full knowledge of the falsity of the description and

representation, in an effort to mislead the purchasing public into believing that their goods and services are authorized, emanate from or are somehow connected to Greenway.

37.     These acts constitute a violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38.     Defendants have obtained gains, profits and advantages as a result of their unlawful acts.

## THIRD CLAIM FOR RELIEF

### Trademark Dilution By Tarnishment
(15 U.S.C. § 1125(c))

39.     Plaintiff repeats and realleges paragraphs 1 through 38 of the Complaint as if fully set forth herein.

40.     This claim is for dilution by tarnishment of trademarks pursuant to Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

41.     The Greenway name and Greenway Logo are distinctive and famous within the meaning of 15 U.S.C. § 1125(c)(1), and were distinctive and famous prior to the date of Defendants' use of the Greenway's name and trade dress.

42.     Defendants' conduct, as described above, has diluted and will continue to dilute the distinctive quality of the famous Greenway Logo and name and has injured and will continue to injure, unless enjoined by the Court, Greenway's business reputation and goodwill and the reputation and goodwill of the famous Greenway Logo.

43.     Defendants' acts described above have caused injury to and have damaged Greenway's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Greenway has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

### Trademark Dilution
### Ark. Code Ann. § 4-71-213

44.     Plaintiff repeats and realleges paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45.     This claim is for trademark dilution pursuant to Ark. Code Ann. § 4-71-213, as amended.

46.     Greenway name and Greenway Logo are distinctive within the meaning of Ark. Code Ann. § 4-71-213.

47.     Defendants' conduct, as described above, creates a likelihood of dilution of the distinctive quality of the Greenway name and Greenway Logo in violation of Ark. Code Ann. § 4-71-213.

48.     Defendants' acts, as described above, have caused injury and damages to Greenway, and have caused irreparable injury to Greenway's goodwill and reputation, and unless enjoined, will cause further irreparable injury, whereby Greenway has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF

### Common Law Trademark Infringement and Unfair Competition

49.     Plaintiff repeats and realleges paragraphs 1 through 48 of the Complaint as if fully set forth herein.

50.     This claim is for trademark infringement and unfair competition in violation of the common law of the State of Arkansas.

51.    Defendants use of the Greenway name and Greenway Logo, as described above, constitutes common law trademark infringement, passing off and unfair competition in violation of common law.

52.    Defendants' actions, as described above, have caused injury and damages to Greenway, and have caused irreparable injury to Greenway's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Greenway has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF

### Common Law Trade Libel and Product Disparagement

53.    Plaintiff repeats and realleges paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.    Defendants' actions, as described above, constitute trade libel and product disparagement by selling the Greenway Novelty Paraphernalia in association with the Greenway Logo.

55.    Defendants' actions, as described above, have caused injury and damages to Greenway, and have caused irreparable injury to Greenway's goodwill and reputation and, unless enjoined, will cause further irreparable injury, whereby Greenway has no adequate remedy at law

### PRAYER FOR RELIEF

WHEREFORE, with respect to all claims, Greenway prays:

a.    That Defendants, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, be enjoined and restrained, preliminarily and permanently, from using on or in connection with the manufacturing,

9

advertising, offering for sale, sale and distribution of any product or service, the name "Greenway" or the Greenway Logo, or any other mark, name or design which, either alone or in combination, is likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that Defendants or their activities are authorized by Greenway or are endorsed by Greenway or are sponsored by Greenway or are connected in some way with Greenway.

      b.     That Defendants, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them, be enjoined and restrained, preliminarily and permanently, from using any false designation of origin or false description or false representation, and from engaging in any act or series of acts which, either alone or in combination, constitutes deceptive or unfair methods of competition by Defendants with Greenway, and from otherwise interfering with or injuring Greenway's business reputation or diluting or tarnishing the distinctive quality of name "Greenway" and the Greenway Logo or the goodwill associated therewith.

      c.     That Defendants, their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them be required to supply Greenway with complete records, including electronic records, concerning any and all transactions relating to any activity that infringes the name "Greenway" and the Greenway Logo.

      d.     That Defendants be required to file with this Court and serve upon Greenway's counsel within twenty (20) days after service of this Court's injunction issued in this action a written report signed by Defendants under oath setting forth in detail the manner in which Defendants complied with such an injunction.

10

e.      That Greenway be awarded Defendants' profits and that Greenway be awarded damages caused by Defendants' acts of infringement, dilution, tarnishment, unfair competition, and trade libel product disparagement and complained of herein.

f.      That Greenway be awarded three times the amount of damages caused by Defendants' willful acts of infringement, dilution, tarnishment, unfair competition, and trade libel and product disparagement complained of herein.

g.      That Greenway be awarded punitive damages arising out of the willful nature of Defendants' activities.

h.      That Greenway be awarded its costs and disbursements of this civil action, including reasonable attorneys' fees.

i.      That Greenway be awarded such other and further relief as the Court deems just and equitable.

<div align="center">**JURY DEMAND**</div>

Plaintiff demands a jury trial.


<div style="margin-left:40%">
Respectfully submitted,

**MITCHELL, WILLIAMS, SELIG,
GATES & WOODYARD, P.L.L.C.**
425 West Capitol Avenue, Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800
cstone@mwlaw.com

By: _____
       Clayborne S. Stone, #2003102
</div>

# United States of America

## United States Patent and Trademark Office

# Greenway Equipment, Inc.

**Reg. No. 4,758,367**

**Registered June 23, 2015**

GREENWAY EQUIPMENT, INC. (ARKANSAS CORPORATION)
214 S VAN BUREN
WEINER, AR 72479

**Int. Cls.: 35, 37, 42 and 44**

**SERVICE MARK**

**PRINCIPAL REGISTER**

FOR: DEALERSHIP SERVICES SPECIALIZING IN AGRICULTURAL MACHINERY, IMPLE-
MENTS AND EQUIPMENT, TRACTORS, COMBINES, SPRAYERS, GPS NAVIGATION
EQUIPMENT, LAWN AND GARDEN EQUIPMENT, RECREATIONAL VEHICLES, AND
PARTS AND ACCESSORIES THEREFOR; WHOLESALE AND RETAIL STORE SERVICES
FEATURING PARTS FOR FARM, LAWN AND GARDEN EQUIPMENT; RETAIL STORE
SERVICES FEATURING CLOTHING, BEVERAGE WARE, TOYS, ACCESSORIES AND RE-
LATED MERCHANDISE, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-1-2001; IN COMMERCE 11-1-2001.

FOR: REPAIR, SERVICING AND MAINTENANCE OF AGRICULTURAL MACHINERY,
IMPLEMENTS AND EQUIPMENT, TRACTORS, COMBINES, SPRAYERS, GPS NAVIGATION
EQUIPMENT, LAWN AND GARDEN EQUIPMENT, AND RECREATIONAL VEHICLES;
INSTALLATION OF GPS NAVIGATION EQUIPMENT, IN CLASS 37 (U.S. CLS. 100, 103
AND 106).

FIRST USE 11-1-2011; IN COMMERCE 11-1-2011.

FOR: AGRICULTURAL TECHNOLOGY SUPPORT SERVICES, NAMELY, HELP DESK
SERVICES, SOFTWARE UPDATES, TECHNOLOGY ADVICE BY MEANS OF A SUPPORT
HOTLINE, A FREQUENTLY ASKED QUESTIONS TECHNOLOGY DATABASE AND IN-
PERSON FIELD TECHNICAL SUPPORT, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 1-2-2013; IN COMMERCE 1-2-2013.

FOR: AGRICULTURAL ADVISORY AND CONSULTATION SERVICES RELATING TO THE
INTEGERATION OF AND USE OF CROP MANAGMENT STRATEGIES AND CROP MAN-
AGEMENT TECHNOLOGY IN A FARMING OPERATION, NAMELY, THE INTEGRATION
AND USE OF PRECISION FARMING AND OTHER AGRICULTURAL TECHNOLOGY, DATA
MANAGMENT TO ANALYZE YIELDS, INPUTS AND PLANTING METHODS, ZONE
MANAGEMENT OF CROP INPUTS, MACHINE PRODUCTIVITY ACTIVITIES TO OPTIMIZE
AGRICULTURAL EQUIPMENT PERFORMANCE, AND WATER MANAGEMENT TO

*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

EXHIBIT

A

**Reg. No. 4,758,367**   MONITOR, CONTROL AND OPTIMIZE DRAINAGE AND IRRIGATION, IN CLASS 44 (U.S. CLS. 100 AND 101).

FIRST USE 1-2-2013; IN COMMERCE 1-2-2013.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "EQUIPMENT, INC.", APART FROM THE MARK AS SHOWN.

SER. NO. 86-178,786, FILED 1-29-2014.

CURTIS FRENCH, EXAMINING ATTORNEY

<div style="border:1px solid black">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office
(USPTO). The time periods for filing are based on the U.S. registration date (not the international registration
date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to
those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international
registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the
underlying international registration at the International Bureau of the World Intellectual Property Organization,
under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated
from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal
forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at http://www.uspto.gov.**

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark
owners/holders who authorize e-mail communication and maintain a current e-mail address with the
USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark
Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms
available at http://www.uspto.gov.**

# United States of America

### United States Patent and Trademark Office

# Greenway Equipment

**Reg. No. 4,702,426**

**Registered Mar. 17, 2015**

**Int. Cls.: 35 and 37**

**SERVICE MARK**

**PRINCIPAL REGISTER**

GREENWAY EQUIPMENT, INC. (ARKANSAS CORPORATION)
214 S VAN BUREN
WEINER, AR 72479

FOR: DEALERSHIP SERVICES SPECIALIZING IN AGRICULTURAL MACHINERY, IMPLE-MENTS AND EQUIPMENT, TRACTORS, COMBINES, SPRAYERS, GPS NAVIGATION EQUIPMENT, LAWN AND GARDEN EQUIPMENT, RECREATIONAL VEHICLES, AND PARTS AND ACCESSORIES THEREFOR; WHOLESALE AND RETAIL STORE SERVICES FEATURING PARTS FOR FARM, LAWN AND GARDEN EQUIPMENT; RETAIL STORE SERVICES FEATURING CLOTHING, BEVERAGE WARE, TOYS, ACCESSORIES AND RE-LATED MERCHANDISE, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 11-1-2001; IN COMMERCE 11-1-2001.

FOR: REPAIR, SERVICING AND MAINTENANCE OF AGRICULTURAL MACHINERY, IMPLEMENTS AND EQUIPMENT, TRACTORS, COMBINES, SPRAYERS, GPS NAVIGATION EQUIPMENT, LAWN AND GARDEN EQUIPMENT, AND RECREATIONAL VEHICLES; INSTALLATION OF GPS NAVIGATION EQUIPMENT, IN CLASS 37 (U.S. CLS. 100, 103 AND 106).

FIRST USE 11-1-2001; IN COMMERCE 11-1-2001.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

NO CLAIM IS MADE TO THE EXCLUSIVE RIGHT TO USE "EQUIPMENT", APART FROM THE MARK AS SHOWN.

SER. NO. 86-178,817, FILED 1-29-2014.

CURTIS FRENCH, EXAMINING ATTORNEY



Director of the United States
Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the
> 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is
> accepted, the registration will continue in force for the remainder of the ten-year period, calculated
> from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a
> federal court.
>
> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and an**
> Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between
> every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above
with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with
an extension of protection to the United States under the Madrid Protocol must timely file the Declarations
of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office
(USPTO). The time periods for filing are based on the U.S. registration date (not the international registration
date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to
those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international
registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the
underlying international registration at the International Bureau of the World Intellectual Property Organization,
under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated
from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal
forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the
USPTO website for further information. With the exception of renewal applications for registered
extensions of protection, you can file the registration maintenance documents referenced above online
at http://www.uspto.gov.**

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark
owners/holders who authorize e-mail communication and maintain a current e-mail address with the
USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark
Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms
available at http://www.uspto.gov.**



| EXHIBIT |
| :-: |
| **B** |

**EXHIBIT**

**C**